IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE R. TRAVIS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | No: 1:06-cv-348 (RCL) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiff seeks declaratory relief and damages.

QUESTIONS PRESENTED

Plaintiff, Bruce R. Travis, attempted to serve the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiff's complaint seeks a determination that the Internal Revenue Service violated the Internal Revenue Code and regulations promulgated thereunder. The Declaratory Judgment Act provides that no court may declare the rights of parties with respect to federal taxes. Does the Court have jurisdiction to entertain a suit seeking a determination with respect to federal taxes?

Plaintiff's complaint seeks damages under 26 U.S.C. § 7433. The complaint fails to allege that plaintiff has filed claims for damages. Does the Court have jurisdiction to entertain a suit for damages?

## STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Bruce R. Travis, filed this complaint on February 24, 2006.<u>1</u>/ He filed an "addendum to the complaint on May 3, 2006.<u>2</u>/ The complaint alleges that the Internal Revenue Service "beginning with 'tax year' 1996 and continuing to the present willfully, recklessly, intentionally or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code and implementing regulations (Compl. 1.) On April 17, 2006, plaintiff filed returns of service

---

<u>1</u>/  Plaintiff's case appears to be a permutation of over 70 known cases filed in this Court with identical or nearly identical allegations. This is plaintiff's second complaint filed in this Court, and he makes essentially the same allegations he made in his first complaint. The first complaint, No. 05-1867, was filed on September 21, 2005 and amended on October 7, 2005. In that case, on January 13, 2006, the Court ordered plaintiff to respond to the United States' motion to dismiss. Plaintiff never responded to the Court's order; instead, he filed the instant complaint. The Court dismissed complaint no. 05-1867 on April 10, 2006.

<u>2</u>/ Plaintiff's addendum to complaint consists of a two-page pleading with copies of correspondence attached. Plaintiff asserts, relying on *Randolph-Sheppard Vendors of Am. v. Weinberger,* 795 F.2d 90 (D.C. Cir. 1986), that he falls within an "exception" to the requirement to exhaust administrative remedies. (Add. at 1.) He asserts that the Internal Revenue Service has "articulated a clear position it is unwilling to reconsider." (*Ibid.*) Plaintiff, however, fails to assert that he attempted to comply with the regulation by submitting a valid administrative claim, thus the Internal Revenue Service has not articulated a clear position that it will not consider any administrative claim for damages.

showing that plaintiff himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail. (See PACER ## 3 & 4.)

2. <u>Relief sought in the complaint</u>. The complaint seeks a finding that the Internal Revenue Service engaged in the alleged violations of the Code and implementing regulations, and damages of "$10,000 for each section of the IRS Code and its regulations disregarded." (Compl. at 23-24.)

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. <u>Davis v. Garcia</u>, 222 F.R.D. 386, 388 (C.D. Cal. 2004); <u>Taylor v. Internal Revenue Service</u>, 192 F.R.D. 223, 224 (S.D. Tex. 1999); <u>Willis v. Tarasen</u>, 2005 WL 1705839, *2 (D. Minn. 2005); <u>Hanberg v. FBI</u>, 2003 WL 21730604, *1 (E.D. La. 2003); <u>Perkel v. United States</u>, 2001 WL 58964, *1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or

3

certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

    Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response.  Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action.  Bland v. Britt, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987).  Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper.  See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

    In this case, plaintiff Bruce R. Travis filed returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia.  Bruce R. Travis is, of course, a party to this action, and thus cannot properly serve the summons.  Accordingly, plaintiff has failed to properly serve the United States, and his complaint must be dismissed.

## II

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF AND DAMAGES

A. *Plaintiff's Request for a Finding that the Internal Revenue Service Violated Provisions of the Internal Revenue Code and Implementing Regulations Thereunder is Barred by the Tax Exception to the Declaratory Judgment Act.*

Plaintiff seeks a finding that the Internal Revenue Service violated various provisions of the Internal Revenue Code and implementing regulations thereunder. (Compl. at 16.) This Court is barred from granting such relief under 28 U.S.C. § 2201. Section 2201 provides that:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes*, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Id. (emphasis added). By the plain language of the statute, a court lacks jurisdiction to declare the rights of any parties with respect to federal taxes. See Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 4 (D.D.C. 1979). Plaintiff here is requesting the Court to determine that the Internal Revenue Service violated various provisions in the Code and implementing regulations thereunder. Such relief is specifically prohibited by 28 U.S.C. § 2201. Thus, this Court lacks jurisdiction to grant plaintiff the declaratory relief he seeks.

B.  *Plaintiff's Request for Damages under 26 U.S.C. § 7433 Cannot Be Granted Because Plaintiff Failed to Exhaust Administrative Remedies Prior to Filing His Suit.*

Plaintiff seeks damages under 26 U.S.C. § 7433. (Compl. at 23-24.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.*

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F.Supp.2d at 128; Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1991); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that he filed a written claim with the area director which complies with the requirements of the regulations. Instead, he states that he "may forego exhausting administrative remedies." (Compl. ¶ 6.) Therefore, plaintiff has not met his burden to allege adequately that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met his burden to prove exhaustion of

administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

## CONCLUSION

Because plaintiff has failed to properly serve the United States and because the Court lacks jurisdiction over his complaint, the complaint should be dismissed.

DATE: May 26, 2006.

Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Telephone/Fax:  (202) 307-6390/514-6866
Email: pat.genis@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was served upon plaintiff *pro se* on May 26, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> BRUCE R. TRAVIS
> Plaintiff *Pro Se*
> P.O. Box 311
> Kihei, HI 96753

        /s/ Pat S. Genis
        PAT S. GENIS, #446244